IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

STEPHEN ROSS,                      )
                                   )
              Plaintiff,           )
                                   )
       v.                          ) Civil Action No. 08-57J
                                   )
MICHAEL J. ASTRUE,                 )
COMMISSIONER OF                    )
SOCIAL SECURITY,                   )
                                   )
              Defendant.           )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 22 day of July, 2009, upon due consideration
of the parties' cross-motions for summary judgment pursuant to
plaintiff's request for review of the decision of the Commissioner
of Social Security ("Commissioner") denying plaintiff's
application for disability insurance benefits under Title II of
the Social Security Act ("Act"), IT IS ORDERED that the
Commissioner's motion for summary judgment (Document No. 19) be,
and the same hereby is, granted and plaintiff's motion for summary
judgment (Document No. 17) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an
obligation to weigh all of the facts and evidence of record and
may reject or discount any evidence if the ALJ explains the
reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d
Cir. 1999). Importantly, where the ALJ's findings of fact are
supported by substantial evidence, a reviewing court is bound by

AO 72
(Rev. 8/82)

those findings, even if it would have decided the factual inquiry differently. <u>Farqnoli v. Massanari</u>, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed his pending application for disability insurance benefits on March 4, 2003, alleging a disability onset date of June 30, 2000, due to chronic fatigue arising from a blood disorder, chronic autoimmune thrombocytopenia with anemia. Plaintiff's application was denied initially. At plaintiff's request an ALJ held a hearing on December 22, 2004, at which plaintiff, represented by counsel, and plaintiff's wife appeared and testified. On February 23, 2005, the ALJ issued a decision finding that plaintiff is not disabled. On November 30, 2006, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

For purposes of plaintiff's Title II application, the ALJ found that plaintiff met the disability insured status requirements of the Act on his alleged onset date but that he only had acquired sufficient coverage to remain insured through December 31, 2004. Accordingly, to be entitled to Title II benefits, plaintiff bears the burden of proving that he became disabled prior to the expiration of his disability insured status on December 31, 2004.

Plaintiff was 32 years old at the time of his alleged onset date and is classified as a younger person under the regulations. 20 C.F.R. §404.1563(c). He has a high school education and has past relevant work experience as a laborer, but he has not engaged in any substantial gainful activity since his alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairments of chronic autoimmune thrombocytopenia with anemia, anticardiolipin antibody syndrome and lupus anticoagulant antibody, sleep apnea, status post-splenectomy and status post cerebrovascular accident with complaints of occasional short term memory loss, those impairments, alone or in combination, do not meet or equal the criteria of any of the impairments listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ also found that plaintiff retains the residual functional capacity to perform a significant range of sedentary work but with certain restrictions recognizing the limiting effects of his impairments. (R. 24). Taking into account these limiting effects, a vocational expert identified numerous categories of jobs which plaintiff can perform based upon his age, education, work experience and residual functional capacity, including laborer/pricer, product inspector, building receptionist and food/candy packer.

&AO 72
(Rev. 8/82)

Relying on the vocational expert's testimony, the ALJ found that although plaintiff is unable to perform his past relevant work, he is capable of making an adjustment to numerous jobs existing in significant numbers in the national economy. Accordingly, the ALJ determined that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months.  42 U.S.C. §423(d)(1)(A).  The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §423(d)(1)(B).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process[1] for determining whether a claimant is under a disability.  20 C.F.R. §404.1520; Newell v.

---

[1] The ALJ must determine in sequence: (1) whether the claimant currently is engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past-relevant work; and, (5) if so, whether the he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity.  20 C.F.R. §404.1520.  In addition, when there is evidence of a mental impairment that allegedly prevents a claimant from working, the Commissioner must follow the procedure for evaluating mental impairments set forth in the regulations.  Plummer, 186 F.2d at 432; 20 C.F.R. §404.1520a.

AO 72
(Rev. 8/82)

- 4 -

Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003).
If the claimant is found disabled or not disabled at any step, the
claim need not be reviewed further.  Id.; see Barnhart v. Thomas,
124 S.Ct. 376 (2003).

Here, plaintiff raises several challenges to the ALJ's
findings: (1) the ALJ failed to comply with SSR 99-2p regarding
Chronic Fatigue and Immune Dysfunction Syndrome; (2) the ALJ
improperly evaluated plaintiff's subjective complaints of fatigue
and limitations arising therefrom; and, (3) the ALJ failed to
consider all of plaintiff's impairments in combination.  Upon
review, the court is satisfied that all of the ALJ's findings and
conclusions are supported by substantial evidence.

Plaintiff's first argument is that the ALJ failed to evaluate
his claim in accordance with SSR 99-2p, which applies to cases
involving chronic fatigue syndrome.  First, although plaintiff's
attending physician noted in a report in March of 2000 a diagnosis
of chronic fatigue syndrome, it is well settled that disability is
not determined merely by the presence of impairments, but by the
effect that those impairments have upon an individual's ability to
perform substantial gainful activity.  Jones v. Sullivan, 954 F.2d
125, 129 (3d Cir. 1991).  Accordingly, a mere diagnosis is
insufficient to support a finding of disability.

Moreover, SSR 99-2p expressly states that claims involving
chronic fatigue syndrome are to be adjudicated using the
sequential evaluation process, just like any other impairment, and
specifically, at step 5, provides that the ALJ is to consider all

AO 72
(Rev. 8/82)

of the individual's symptoms in deciding how those symptoms affect the individual's functional capacities.    Likewise, SSR 99-2p further provides that a claimant's credibility is to be assessed in accordance with SSR 96-7p, just like any other impairment.

Here, as required by SSR 99-2p, the ALJ considered all of plaintiff's symptoms, including fatigue, and how those symptoms impacted plaintiff's ability to perform work-related activities. To the extent limitations arising from plaintiff's fatigue were supported by the record, the ALJ accommodated them in his residual functional capacity finding.    The court finds no error in the ALJ's evaluation of plaintiff's symptoms.

The court also is satisfied that the ALJ properly evaluated plaintiff's subjective complaints of pain and limitations in accordance with the regulations and SSR 96-7p.

Allegations of pain and other subjective symptoms must be supported by objective medical evidence, 20 C.F.R. §416.929(c), and an ALJ may reject a claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999); see also SSR 96-7p.

In this case, in assessing plaintiff's credibility, the ALJ considered plaintiff's subjective complaints, but also considered those complaints in light of the medical opinion evidence, plaintiff's treatment history and plaintiff's activities of daily living.    (R 21-22).    In doing so, the ALJ concluded that plaintiff's allegations of disabling fatigue and memory problems

were credible only to the extent set forth in the residual functional capacity finding. (R. 21). The ALJ thoroughly explained his credibility finding in his decision and that finding is supported by substantial evidence.

To the extent plaintiff suggests that the ALJ erred in relying upon plaintiff's daily activities in finding him not credible, the court is satisfied that the ALJ properly evaluated plaintiff's subjective complaints of pain and limitations in accordance with the regulations. While it is true, as plaintiff now asserts, that sporadic and transitory activities cannot be used to show an ability to engage in substantial gainful activity, see Fargnoli, 247 F.3d at 40, n.5, the ALJ did not do so here. Instead, in determining plaintiff's residual functional capacity, the ALJ properly considered plaintiff's allegations in light of his activities of daily living, as well as his treatment history and the absence of medical opinion evidence supporting his allegations of totally debilitating symptoms, and adequately explained in his decision how those activities were inconsistent with more restrictive limitations. (R. 22).

Finally, to the extent plaintiff argues that, in arriving at his residual functional capacity finding, the ALJ failed to consider the combined effects of all of plaintiff's medical conditions, the record fails to support plaintiff's position. The ALJ specifically noted in his decision that he considered all of plaintiff's impairments in combination and his residual functional capacity finding, which incorporates the medically supported

limitations arising from all of plaintiff's impairments, demonstrates that he did just that.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act.    The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.


Gustave Diamond
United States District Judge


cc:   Arthur S. Cohen, Esq.
      Cohen, Axinn & Cohen
      PO Box 597
      Hollidaysburg, PA 16648

      Stephanie L. Haines
      Assistant U.S. Attorney
      319 Washington Street
      Room 224, Penn Traffic Building
      Johnstown, PA  15901